THE POINT PLEASANT LAND COMPANY v. THE TRUSTEES OF SCHOOL DISTRICT No. 16, IN THE COUNTY OF OCEAN.

The act of 1880 (*Pamph. L., p.* 225,) so far modifies the eighty-sixth section of the school law as to make the presence of a majority of the taxable residents of a district necessary to authorize a meeting to vote money to buy land for school purposes or to build a new school-house.

On *certiorari.* In matter of taxation.

Argued at February Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *E. H. Murphy* and *John H. Backes.*

For the defendant, *H. H. Wainright.*

The opinion of the court was delivered by

VAN SYCKEL, J. At a meeting of the voters of the said school district, held on the 1st day of December, 1884, a resolution was passed to appropriate the sum of $1500 to the purchase of a lot for a new school-building. A further resolution was passed to raise $9000 for the erection of a new school-house, and the sum of $1500 for furniture, heating apparatus, bell, out-houses and fencing the lot.

The *certiorari* in this case is sued out to test the legality of these proceedings.

The first alleged infirmity is in the notice of the meeting. The prosecutor insists that the notice must state not only how much money it is proposed to raise, but also how it is to be apportioned among the different objects for which it is needed. Such particularity in the notice of the meeting is neither necessary nor proper. It is the duty of the voters to apportion the money ; the district clerk, when he gives notice of the meeting cannot anticipate the action which will be taken. The notice in this case was in all respects in conformity to the statute.

The second reason for reversal is that the meeting was not attended by a majority of the taxable residents of the school district.

It is admitted that of the three hundred and forty taxable residents of the district only ninety were present at the meeting. The prosecutor relies upon section 1 of the act entitled "An act for building school-houses in townships," (*Pamph. L.* 1880, *p.* 225,) which enacts : " That from and after the passage of this act it shall be lawful for any school-district of this state, at their annual meeting, to vote money to build a school-house, as money is now voted for said school district under any existing law, and to provide land for that purpose not exceeding —— acres, at such place in the said district as the school trustees thereof may designate, and for that purpose the said school trustees may acquire the said land by purchase or condemnation ; provided a majority of the taxable residents of said school district shall be present at any meeting as aforesaid, and shall vote on any proposition presented for the selection of a place and voting money as aforesaid."

The eighty-sixth section of the school law (*Rev., p.* 1085,) authorizes the inhabitants of a school district to vote money to buy land for school purposes, and to build a school-house, by the vote of a majority of the legal voters present at a meeting legally convened. The act of 1880 is clearly repugnant to that section. It provides that money may be voted for a school-house and for land, provided a majority of the taxable

Roeber v. Society for Prevention of Cruelty to Animals.

residents of the district are present and shall vote at the meeting called for that purpose.

Both provisions cannot have the force of law. If the prior act is unrepealed, then money for the purposes named in the act of 1880 may be lawfully voted when a less number than a majority of the taxable residents are present at the district meeting, and in that respect no effect is given to the act of 1880. If the act of 1880 prevails, then a majority of the taxable residents must vote, and no action can lawfully be taken by a less number. The presence of such majority is made indispensable.

The impolicy of permitting a small minority of the inhabitants of a school district to assemble and raise by taxation large sums of money to buy lands and build school-houses, doubtless led to the passage of the act of 1880. It is inconsistent with the prior law, and by necessary implication repeals it. The sole purpose of the act of 1884, amending section 87 of the school law, obviously was to reduce the rate of interest to six per cent. The proceedings certified are therefore illegal and should be set aside.